D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
   MYRIAM PAINCHAULT,

                      Plaintiff,

        -against-

   TARGET CORPORATION,

                      Defendant.

------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

**09-CV-1831 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Myriam Painchault commenced this lawsuit alleging negligence by Defendant Target Corporation. (Compl. (Appended to Not. of Removal (Dkt. 1)).) Following discovery, Defendant moved for summary judgment (Def. Mem. Summ. J. (Dkt. 18)), which the court granted (Sept. 14, 2011, Mem. & Order (Dkt. 19)). Before the court is Plaintiff's subsequent motion requesting an extension of time to file a notice of appeal. (Pl. Mot. (Dkt. 23).) The court construes Plaintiff's pro se application as motions (1) for an extension of time to file a notice of appeal, and (2) to reopen the time to file an appeal, under provisions of Rule 4 of the Federal Rules of Appellate Procedure. For the reasons set forth below, Plaintiff's motions are DENIED.

**I.    BACKGROUND**

      The court assumes familiarity with its prior decisions in this matter, and the facts are not fully reiterated here. In brief, Plaintiff brought a negligence claim against Defendant following a slip and fall injury. (Compl.) Following discovery, Defendant moved for summary judgment (Def. Mem. Summ. J.), which the court granted (Sept. 14, 2011, Mem. & Order). Nearly a year later, on August 28, 2012, Plaintiff filed a motion for an extension of time to file a notice of appeal. (Pl. Mot.) Defendant opposes that motion. (Def. Opp'n (Dkt. 27).)

1

## II. DISCUSSION

In her motion, Plaintiff attempted to establish "excusable neglect" or "good cause" that led to her failure to timely file a notice of appeal, explaining:

> I contacted many different lawyers but was told I could not appeal or if I wanted the case reopened the legal fees would be $10 - $15,000 which I could not afford. I also contact Legal Aid but they told me they could not help. I finally contacted 3-1-1 where I was informed of my right to appeal and they told me where and what documents I needed to complete in order to do so.

(Pl. Mot.) The court entered an order setting forth a briefing schedule for the application, including an opportunity for Plaintiff to reply to any opposition. (Sept. 17, 2012, Order.) Defendant argued in its opposition that Plaintiff's failure to act diligently in complying with the clearly established deadlines of Rule 4 of the Federal Rules of Appellate Procedure does not meet the requirements of "good cause" or "excusable neglect" (Def. Opp'n), and to date Plaintiff has filed no response.

Upon review, however, the court has determined that the plain language of Rule 3 obviates the question of "excusable neglect" or "good cause." Rule 4 states: "An appeal permitted by law as of right from a district court to a court of appeals may be taken *only* by filing a notice of appeal with the district clerk *within the time allowed by Rule 4*." Fed. R. App. P. 3(a)(1) (emphases added). Under Rule 4(a), a notice of appeal from a private civil case "must be filed within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). If a party files a notice of appeal after the time prescribed by Rule 4(a), a district court may, in limited circumstances, grant an extension of time under Rule 4(a)(5) or reopen the time to file an appeal under Rule 4(a)(6). Neither provision, however, makes any allowance for the extreme delay here.

### A.     Federal Rule of Appellate Procedure 4(a)(5)

Under Rule 4(a)(5), "[t]he district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed by this Rule 4(a)." Fed. R. App. P. 4(a)(5)(A). But "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Id. 4(a)(5)(C).

In short, a notice of appeal from a civil case *must* be filed within 60 days—the 30 days "of right" followed by an additional 30 day grace period if the applicant shows "excusable neglect" or "good cause" for an extension.

District courts "lack jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'" Cohen v. Empire Blue Cross and Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998) (citations omitted); see also Endicott Johnson Corp. v. Liberty Mut. Ins. Co., 116 F.3d 53, 56 (2d Cir. 1997) (explaining that any "notion that the district court nonetheless had the inherent power to grant such an extension flies in the face of the Supreme Court's repeated rulings that the time limitations set by [Rule 4(a)(5)] are mandatory and jurisdictional").

Here, Rule 4(a) required Plaintiff to file a notice of appeal within 30 days of the September 16, 2011, grant of summary judgment for Defendant—or to file a request for an extension, showing "excusable neglect" or "good cause," within 30 days following the initial as-of-right 30 day window. Fed. R. App. P. 4(a)(1)(A), (5)(A). Instead, Plaintiff filed her motion 346 days after the Clerk of Court entered judgment against Plaintiff, or more than nine months after the expiration of the 60 day window provided by Rule 4. Accordingly, the court is without jurisdiction to consider Plaintiff's motion for an extension of time under Rule 4(a)(5).

### B. Federal Rule of Appellate Procedure 4(a)(6)

After the time period to file a notice of appeal has expired, a district court may reopen the time to file an appeal under Rule 4(a)(6) if all three of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the *motion is filed within 180 days after the judgment or order is entered* or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and
>
> (C) the court finds that no party would be prejudiced.

Id. 4(a)(6) (emphases added). Under this standard, the court cannot reopen Plaintiff's time to file a notice of appeal because the second required condition is not satisfied. Regardless of when or if Plaintiff received notice of the judgment, she still filed her motion more than three months after the expiration of the 180 day window.[1] The court therefore is also without jurisdiction to consider Plaintiff's motion for an extension of time under Rule 4(a)(6). See Bowles v. Russell, 551 U.S. 205, 213 (2007) (explaining, in an analysis of Rule 4(a)(6), that when an "appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction" (quoting U.S. v. Curry, 47 U.S. 106, 113 (1848))); see also Marquez v. Perlman, No. 03 CV 8643 (KMW) (MHD), 2012 WL 2895018, at *4 (S.D.N.Y. July 16, 2012) ("A district court lacks jurisdiction to reopen the time to file an appeal if the motion is filed beyond this outer time limit of 180 days after judgment is entered.").

---

[1] Although the expiration of the 180 day deadline unquestionably renders Plaintiff's application untimely, the court notes that with regard to the notice provisions of Rule 4(a)(6), there is no evidence or indication that Plaintiff failed to receive prompt notice of the entry of the order dismissing her case. Plaintiff's explanation of her delay in filing the notice does not mention any postponement of receipt (Pl. Mot), and she declined to provide additional information about the reasons for the tardiness of her notice of motion even when ordered to do so by the court (Sept. 20, 2012, Order). Additionally, Plaintiff was represented by counsel at the time of the order and its entry. See Cramer v. Pyzowski, No. 04-CV-1122 (SLT) (SMG), 2007 WL 4248289, at *4 (E.D.N.Y. Nov. 30, 2007) (in dismissing a notice of appeal under Rule 4(a)(5) and (6), explaining that plaintiff's failure to personally receive the judgment is an insufficient basis for an extension because "the date for determining the timeliness of his motion is the date on which his counsel received notice of the Judgment, not when he personally received notice").

III.  CONCLUSION

For the reasons set forth above, Plaintiff's motions (1) for an extension of time to file a notice of appeal, and (2) to reopen the time to file an appeal are DENIED.

SO ORDERED.

                                                                    s/Nicholas G. Garaufis

Dated: Brooklyn, New York                   NICHOLAS G. GARAUFIS
       March __, 2013                           United States District Judge